## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

TIMOTHY DINKINS,　　　　　　)
#303481,　　　　　　　　　　　)
　　　　　　　　　　　　　　　)　CIVIL ACTION NO. 9:13-1537-MGL-BM
　　　　　　　　Petitioner,　　)
　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　)　**REPORT AND RECOMMENDATION**
　　　　　　　　　　　　　　　)
WARDEN EAGLETON,　　　　　　)
　　　　　　　　　　　　　　　)
　　　　　　　　Respondent.　　)
_____)

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on June 4, 2013.[1]

The Respondent filed a return and motion for summary judgment on October 23, 2013. As the Petitioner is proceeding pro se, a Roseboro order was filed on November 22, 2013, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Petitioner filed a response in opposition on December 27, 2013.

This matter is now before the Court for disposition.[2]

_____

[1]Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988). Since there is no date on the envelope reflecting when it was received in the prison mail room, the undersigned has used the date on the application indictating when the petition was placed in the mail, which date is also the same as the postage stamped date, for the filing date in this case.

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule
(continued...)

1



## **Procedural History**

Petitioner was indicted in Richland County in July 2002 for trafficking cocaine over 400 grams [Indictment No. 02-GS-40-3277]. (R.pp. 456, 458). Petitioner was represented by Theresa N. Johns, Esquire. On January 29, 2003, a suppression hearing with respect to evidence seized pursuant to a warrant was held, but the motion was denied. (R.pp. 3-33). After a jury trial on March 23 and 24, 2005, Petitioner was found guilty as charged, and was sentenced to twenty-seven (27) years imprisonment and a fine of $200,000. (R.pp. 271-274, 280).

Petitioner filed a timely appeal on which he was represented by Melissa Kimbrough, Esquire, and Alex Postic, Esquire. Counsel raised the following issues:

> **Ground One:** Whether the lower court erred in denying appellant's motion to suppress drug evidence recovered as a result of a defective search warrant lacking probable cause?

> **Ground Two:** Whether the lower court erred in refusing appellant's request to provide complete jury charge on "actual knowledge" as a required element of possession?

See Court Docket No. 22-6, p. 6.

On June 30, 2006, the South Carolina Court of Appeals denied the appeal in its entirety. See Court Docket No. 22-6, pp. 50-54. On July 14, 2006, Petitioner filed a petition for rehearing, which the Court of Appeals denied in an order on August 25, 2006. See Court Docket No. 22-7.[3]

Petitioner then filed a petition for a writ of certiorari in the Supreme Court of South

_____

(...continued)
73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]The record cite is to the Petition itself. The order denying the Petition for rehearing is not cited to by the parties, although neither party disputes that it was denied on August 25, 2006.

2



Carolina on November 21, 2006, raising the following issues:

> **Ground One:** Did the Court of Appeals err in upholding the trial court's denial of appellant's motion to suppress drug evidence discovered based on an unlawful search due to a defective search warrant lacking in probable cause?

> **Ground Two:** Did the Court of Appeals err in upholding the trial court's denial of appellant's request for a supplemental jury charge on actual knowledge?

See Court Docket No. 22-8, p. 4.

The South Carolina Supreme Court filed an order denying certiorari on October 18, 2007; see Court Docket No. 22-6, pp. 57-58; and the Court of Appeals sent the Remittitur to the Richland County Clerk of Court on October 23, 2007. See Court Docket No. 22-10.

On February 1, 2008, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. See Dinkins v. State of South Carolina, No. 2008-CP-40-951. (R.pp. 305-347). Counsel raised the following issues:

> **Ground One:** Ineffective Assistance of Counsel.

> **Ground Two:** 4[th] & 14th Amendment Violations of U.S. Const.

> **Ground Three**: Ineffective Assistance of Counsel

> > **Allegation I**: Officer's lacked probable cause where evidence of criminal action was non-existent and information relied upon, that was supplied to the Magistrate, was knowingly false and misleading. Trial counsel's failure to move for a Franks v. Delaware[4] hearing amounted to ineffective assistance of counsel.

> > **Allegation II**: The Trial Judge committed reversible error where he failed/refused to allow Applicant to confront "informer/tipster", whose information Officer and Magistrate relied upon was necessary for finding of probable cause. See; Tr.p. 48, line 20 thru p. 49 lines 1-18.

> > **Allegation III**: Trial Counsel was ineffective by failing to follow Judge's instruction prohibiting the use of the word "Crack Cocaine" in front of the jury, because of the

---

[4]438 U.S. 154 (1978).



3

prejudicial [e]ffect it would have on the Applicant.

**Allegation IV**: Trial Counsel was ineffective by failing to object to additional Allen Charge when Jury iterated to the Court that they were dead-locked and further deliberation would not change the situation.

**Allegation V**: Trial Counsel was ineffective by misquoting the law to the jury in regard to a crucial element of the offense and failing to request [clarifying] instruction from the judge to the question posed by the jury on "knowledge".

**Allegation VI**: Trial Counsel was ineffective by stipulating instead of objecting to the amount of cocaine at issue was 613.47 Grams; The applicant contended however that the cocaine was not his, which amended the indictment and deprived the court of subject matter jurisdiction.

(R.pp. 307, 314, 321, 325, 327, 329, 333).

On May 12, 2009, Petitioner filed an Amended Application for Post-Conviction Relief; <u>see</u> Court

Docket No. 22-11; in which he raised the following additional allegations:

**Ground One:** Ineffective Assistance of Trial Counsel.

**Ground Two:** After discovered evidence material to Petitioner's innocence or guilt.

1. Trial Counsel failed to move for <u>Franks v. Delaware</u> hearing regarding the search warrant even though the information provided to the Magistrate in order to establish probable cause was knowingly false and misleading. Was trial Counsel's failure to move for <u>Franks v. Delaware</u> hearing ineffective assistance of counsel?

2. Judge Brooks T. Goldsmith refused to allow Mr. Dinkins to confront the confidential informant whose information was used as the probable cause for the search warrant. Was the Trial Judge's refusal to allow Mr. Dinkins to confront the confidential informant a violation of Mr. Dinkins' rights under the Confrontation Clause of the Sixth Amendment?

3. Trial Counsel failed to follow Judge Brooks T. Goldsmith's order that counsel for neither party mention the words "crack cocaine" in front of the jury. Was trial Counsel's failure to follow Judge Brooks T. Goldsmith's order ineffective assistance of counsel?

4. Trial Counsel failed to object to Judge Goldsmith giving the jury an additional *Allen* Charge after the jury informed the Judge that they were deadlocked and that further deliberation would not lead to a verdict. Was trial Counsel's failure to object to Judge Goldsmith giving the jury an additional *Allen* Charge ineffective assistance of counsel?



5. Trial Counsel failed to properly state the law to Judge Goldsmith regarding the State's burden of proving that Mr. Dinkins knowingly possessed illegal drugs. Was trial Counsel's failure to properly state the law to Judge Goldsmith regarding the State's burden of proving that Mr. Dinkins had knowingly possessed illegal drugs ineffective assistance of counsel?

6. Trial Counsel failed to object to the sentence of 27 years and $200,000 fine given to the Petitioner by Judge Goldsmith as an illegal sentence, even though Mr. Dinkins was indicted under S.C. Code Ann. § 44-53-370(e)(2)(a)(1). Was trial Counsel's failure to object to the Petitioner's sentence of 27 years and a $200,000 fine under S.C. Code Ann. § 44-53-370(e)(2)(a)(1) as an illegal sentence ineffective assistance of counsel?

7. The confidential informant that was used to establish probable cause for the search warrant has come forward since Mr. Dinkins conviction. The confidential informant has refuted, as outright lies, the information contained in the affidavit for the search warrant regarding his knowledge of Mr. Dinkins' drug activities. Does the confidential informant's statements regarding the affidavit for the search [warrant] amount to after-discovered evidence?

<u>See</u> Court Docket No. 22-11, pp. 3, 9.

Petitioner was represented in his APCR by Edward Saleeby, Esquire, and Terry Quinn, Esquire, and an evidentiary hearing was held on Petitioner's application on May 14, 2009. (R.pp. 362-441). In an order filed February 10, 2011, the PCR judge denied relief on the APCR in its entirety. (R.pp. 442-454).

Petitioner filed a timely appeal of the PCR court's order. <u>See</u> Court Docket No. 22-13.

Petitioner was represented on appeal by Wanda H. Carter, Deputy Chief of the South Carolina Commission on Indigent Defense, who filed a <u>Johnson</u>[5] petition and raised the following issue:

Trial counsel erred in referring to the charge against Petitioner as a crack cocaine charge during opening arguments even though he was indicted for a cocaine offense because it was in effect a mischaracterization that prejudiced the case for the defendant.

<u>See</u> Court Docket No. 22-14, p. 3.

─────────────────

[5]<u>Johnson v. State</u>, 364 S.E.2d 201 (S.C. 1998); <u>see</u> <u>also</u> <u>Anders v. California</u>, 386 U.S. 738 (1967).

5



Petitioner also filed his own <u>pro se</u> response, in which he alleged:

**Ground One**: The Petitioner alleges trial counsel was ineffective for fail[ing] to move for a <u>Franks v. Delaware</u> hearing in regards to the search warrant.  It is alleged by the Petitioner that the search warrant was obtained in an illicit manner by Officer Lutz.  Under Section 17-13-140, it defines the criteria for which a search warrant is sought . . . In the search warrant presented to the Magistrate, there were some conclusory statements, not facts, presented to the Magistrate via affidavit by Officer Lutz.

**Ground Two:** The Petitioner alleges he was denied by the Court [the right] to confront the Confidential Informant at trial.  In accordance with the United States Constitution, Amendment VI, the accused has the right to confront witness(es) against him.

**Ground Three:** The Petitioner alleges that the discovery of the Confidential Informant, which was discovered Post-Trial, is considered after-discovered evidence.

<u>See</u> Court Docket No. 22-15, pp. 2, 7, 11.

On May 6, 2013, the South Carolina Court of Appeals granted counsel's request to be relieved and denied Petitioner's writ of certiorari.  <u>See</u> Court Docket No. 22-16.  The Remittitur was sent down on May 22, 2013.  <u>See</u> Court Docket No. 22-17.

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following issues:

**Ground One:** The state court decision denying me relief on my ineffective assistance of counsel claim for no <u>Franks vs. Delaware</u> hearing was objectively unreasonable and contrary to clearly established Fed.Law as determined by the U.S. Supreme Court.

**Ground Two:** The state court decision not allowing me to confront the informant in court was objectively unreasonable, and contrary to clearly established Federal law as determined by the U.S. Supreme Court.

<u>See</u> Petition, pp. 5-6; Attachment, pp. 1, 4.

### Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

6



genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Rule 56, Fed.R.Civ.P; <u>see</u> Habeas Corpus Rules 5-7, 11.  Further, while the federal court is charged with liberally construing  pleadings filed by a <u>pro se</u> litigant to allow the development of a potentially meritorious case; See <u>Cruz v. Beto</u>, 405 U.S. 319 (1972), and <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).

## I.

In Ground One of his Petition, Petitioner contends that the state court erred in not finding his trial counsel was ineffective for failing to move for a <u>Franks v. Delaware</u> hearing to contest the validity of the search warrant that led to the seizure of drugs from his residence.  <u>See</u> <u>United States v. Caldwell</u>, 114 Fed.Appx. 178, 181 (6th Cir. Nov. 5, 2004) ["A so-called <u>Franks</u> hearing is based upon the case of <u>Franks v. Delaware</u>, . . . which calls for an evidentiary hearing where a defendant raises a substantial question as to whether the affidavit supporting the search warrant contained materially false information."].  This issue was raised in Petitioner's APCR, where Petitioner had the burden of proving the allegations in his petition, as well as on appeal to the State Court of Appeals.  <u>Butler v. State</u>, 334 S.E.2d 813, 814 (S.C. 1985), <u>cert.</u> <u>denied</u>, 474 U.S. 1094 (1986).

The PCR court rejected this claim, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended.  <u>See</u> <u>Dinkins  v. State of South Carolina</u>, No. 08-CP-40-0951.  Specifically, the PCR judge found that: 1) Petitioner failed to



show that the affiant's statements in the affidavit were false; 2) the agent [Lutz] clearly explained that a confidential informant had told him that Petitioner had a large quantity of drugs in his apartment, and Petitioner did not make a substantial preliminary showing that the agent's statements in his affidavit were false; 3) no evidence exists to suggest that the agent recklessly or deliberately passed on false information from the confidential informant to the magistrate; 4) instead of requesting a search warrant based on the informant's tip alone, the agent was able to confirm some of the information by placing Petitioner under surveillance; 5) through surveillance, the agent was able to confirm some of the confidential informant's statements concerning Petitioner's vehicles and residency; 6) the agent also confirmed that Petitioner had prior drug related convictions; 7) then, during a traffic stop, Petitioner lied about his residency and his activities shortly before the traffic stop; 8) that based upon the totality of the circumstances resulting from the confidential informant's tip, surveillance confirming the information provided by the confidential informant, and the deception the Petitioner showed during the traffic stop, the agent concluded that the tip from the confidential informant was reliable; 9) the agent acted reasonably by including the tip from the confidential informant in the affidavit; 10) therefore, trial counsel was not ineffective for failing to request a Franks hearing; 11) that Petitioner's attorney also vigorously challenged the search warrant at a separate hearing and before proceeding with the trial on the day that the trial began; 12) two separate judges (in addition to the magistrate) had the opportunity to consider whether probable cause had been established; 13) Petitioner failed to show that a request for a Franks hearing would have been successful and that he would have prevailed if he had been given a Franks hearing; 14)[6] Petitioner's

---

[6]Starting with No. 14 hereinabove, the PCR court's findings relate to Petitioner's second ground for relief, discussed herein in Section II, infra.



allegation that the trial court erred by refusing to allow Petitioner to confront a confidential informant pursuant to the Confrontation Clause of the Sixth Amendment was without merit because this allegation raises a direct appeal issue that is procedurally barred by the S.C. Code Ann. § 17-27-20(b)(2003); 15) post-conviction relief is not a substitute for a direct appeal; 16) Petitioner could have raised this issue on direct appeal; 17) Petitioner's failure to do so has waived this ground for relief; 18) although Petitioner testified that he met with his appellate counsel and specifically asked his PCR counsel to raise this issue, no ineffective assistance of appellate counsel claim was raised in his PCR petition; 19) even if appellate counsel had raised this issue, Petitioner did not demonstrate that he would have prevailed on the issue; 20) as a general rule, the State may withhold names of informants since this privilege is necessary for protecting law enforcement; 21) while disclosure may be required when the informant is a participant in, or a material witness to, a criminal transaction, the information from the confidential informant in this case was never used against the Petitioner; 22) rather, it was used to support a search warrant which resulted in evidence that was used against Petitioner; 23) the Confrontation Clause was therefore not applicable because it does not bar the use of a testimonial statement "for purposes other than establishing the truth of the matter asserted"; 24) the trial court determined that the testimony of the confidential informant was not necessary or required to explain the officer's conduct and/or to provide background; 25) the Confrontation Clause was not implicated and the confidential informant was not required; 26) Petitioner failed to meet his burden to show that the alleged confidential informant, Edward Wilson, presented at the PCR hearing was in fact the confidential informant; 27) Wilson testified at the PCR hearing that he was not a confidential informant, but that he did meet with the agent; 28) however, Wilson testified that he never told the agent that Petitioner had large amounts of drugs in his home; 29) Petitioner simply failed to meet his



9

burden that Wilson was the sole person working with law enforcement officers during their investigation of the Petitioner; 30) Petitioner failed to present any probative evidence supporting his claim that the agent relied upon Wilson as a confidential informant for purposes of obtaining the warrant; 31) even if Wilson was the confidential informant, his testimony does not meet the requirements of "after-discovered evidence" to support a new trial; 32) evidence that Wilson was the confidential informant does not change the result and it is impeaching; 33) the trial court excluded information about the identity of the informant on the basis that the information from the informant did not amount to testimony; 34) probable cause had been determined by three judges and any testimony from Wilson would not affect probable cause based upon the totality of the circumstances; 35) additionally, the purpose of Wilson's testimony was to attack the veracity of the agent's affidavit and testimony; and 36) therefore, Wilson's testimony was not after-discovered evidence because it is impeaching.  (R.pp. 444-448, 451-452).

Substantial deference is to be given to the state court's findings of fact.  Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).  See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).



However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000). See Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the



objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir. 1996).

Petitioner has failed to meet his burden of showing that his counsel was ineffective under this standard. Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. First, the search warrant is presumptively valid. Franks, 438 U.S. at 171. This presumption can be rebutted only if the Petitioner can show that the affiant gave statements that were: (1) made knowingly and intentionally or with a reckless disregard for the truth; and (2) the false statements were necessary to establish probable cause. Simmons v. Poe, 47 F.3d 1370, 1383 (4th Cir. 1995); Wilkes v. Young, 28 F.3d 1362, 1365 (4th Cir. 1994)[False or misleading statement in the affidavit of an arrest warrant does not constitute a violation of the Fourth Amendment unless the false or misleading statement is essential to the finding of probable cause]; United States v. Hill, No. 07-407, 2012 WL 859556 at * 3 (E.D.Va. Mar. 13, 2012). Further, a "challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine." Franks, 438 U.S. at 171-172.

Here, the PCR court found that the agent clearly explained what he meant in the search warrant affidavit, that the Petitioner did not make a substantial preliminary showing that the agent's statements in his affidavit were false, and that no evidence existed to suggest that the agent recklessly or deliberately passed on false information from the confidential informant to the county magistrate. Petitioner has not shown that the PCR court's findings on these issues were erroneous. See United

12



States v. Colkley, 899 F.2d 297, 300 (4th Cir. 1990)[Petitioner required to make a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant's affidavit"], quoting Franks, 438 U.S. at 155-156.  The agent testified that after he received "a tip" from the confidential informant, Petitioner was placed under surveillance, and that through surveillance, the agent was able to confirm some of the confidential informant's statements concerning Petitioner's vehicles and residency and that Petitioner had prior drug related convictions.  During the traffic stop, the agent also had reason to believe that Petitioner lied about his residency and his activities shortly before the traffic stop.  (R.pp. 4-11, 17).[7] Although Petitioner contends that Wilson was the confidential informant referred to in the warrant, and Wilson did not tell the agent that Petitioner had drugs in his residence, he has not proven that Wilson was the agent's confidential informant.  Petitioner only speculates that he was.

Petitioner has not met his burden to show that the agent's testimony was false.  Accordingly, Petitioner has failed to show that his counsel performed deficiently by not challenging the warrant under Franks v. Delaware, nor has he provided any evidence that the PCR court's determination was an unreasonable misapplication of clearly established federal law.  See Davis v. Cartledge, No. 09-3218, 2011 WL 4501166 at *4 (D.S.C. Sept. 28, 2011)(citing Illinois v. Gates, 462 U.S. 213, 238 (1983)[adopting the "totality of the circumstances" test to determine if the warrant is supported by probable cause]).  Furthermore, Petitioner has presented no evidence in this proceeding to show that he would have succeeded even if his counsel had requested, and he would have had, a

---

[7]Although Petitioner contends that he did not lie about his residency because he still owned other property where he told the agent that he resided, he does not dispute that he did not disclose the location of the property where, at a minimum, he had just been staying and where the drugs were located or what he had just been doing.  (R.pp. 187-189, 388-389, 393).

13



<u>Franks v. Delaware</u> hearing. In fact, the three judges who looked at the warrant all found that probable cause did exist. Therefore, Petitioner has not shown the necessary prejudice with regard to this claim. <u>Evans</u>, 220 F.3d at 312; <u>Williams v. Taylor</u>, <u>supra</u>; <u>Strickland v. Washington</u>, <u>supra</u>.; <u>Dennis v. Jennings</u>, No. 11-245, 2011 WL 6293279 at * 10 (W.D.Va. Dec. 13, 2011); <u>Davis</u>, No. 2011 WL 4501166, at * 4.

This claim should be dismissed.

## II.

In Ground Two of his Petition, Petitioner contends that the state court decision not allowing him to confront the informant in court was objectively unreasonable and contrary to clearly established Federal law as determined by the U.S. Supreme Court.

Initially, Respondent argues that this issue is procedurally barred because it was not raised in his counsel's direct appeal <u>Anders</u> brief, or by the Petitioner in a <u>pro se</u> response to the <u>Anders</u> brief. However, there was no <u>Anders</u> brief filed in Petitioner's direct appeal. Rather, Petitioner's appellate counsel filed a brief raising two issues which did not include this issue. <u>See</u> discussion, <u>supra</u>. Petitioner, apparently assuming that Respondent was referring to the <u>Johnson</u> petition on his PCR appeal (rather than any waiver on his direct appeal), contends that this issue was not only preserved and addressed in the PCR court's order, but that he also raised it in his <u>pro se</u> response to the <u>Johnson</u> petition, and that the state appellate court would have reviewed it under its <u>Johnson</u> review. Accordingly, two different procedural bar issues are addressed by the parties.

First, with regard to Petitioner's direct appeal, there is no dispute that this issue was not raised, and the PCR court found that it was procedurally barred on that basis. (R.p. 447). Second, with respect to this issue being raised in Petitioner's PCR proceedings, the PCR court specifically



14

found that no ineffective assistance of appellate counsel claim was presented in Petitioner's PCR proceeding; rather, the issue as presented by the Petitioner was a direct appeal issue which was procedurally barred from the PCR court's consideration. (R.p. 447). <u>See</u> <u>Simmons v. State</u>, 215 S.E.2d 883, 885 (S.C. 1974)[Post conviction relief is not a substitute for a direct appeal]; <u>Ashley v. State</u>, 196 S.E.2d 501, 502 (S.C. 1973)[A post conviction relief application cannot assert any issues that could have been raised at trial or on direct appeal]. The PCR Court further stated that even if appellate counsel did fail to raise this issue, Petitioner had not demonstrated that he would have prevailed on this issue, as the informant was neither a participant in, or material witness to, the criminal charge at issue.[8] (R.p. 447).

  **Procedural Bar**. Because Petitioner did not properly raise and preserve this issue in his direct appeal and state court proceedings, it is barred from further state collateral review; <u>Whiteley v. Warden, Wyo. State Penitentiary</u>, 401 U.S. 560, 562 n. 3 (1971); <u>Wicker v. State</u>, 425 S.E.2d 25 (S.C. 1992); <u>Ingram v. State of S.C.</u>, No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); <u>Josey v. Rushton</u>, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); <u>Aice v. State</u>, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there are no current state remedies for Petitioner to pursue this issue, it is fully exhausted. <u>Coleman v. Thompson</u>, 501 U.S. 722, 735, n.1 (1991); <u>Teague v. Lane</u>, 489 U.S. 288, 297-298 (1989); <u>George v. Angelone</u>, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless

---

  [8]That alternative finding does not provide Petitioner with a decision on the merits. In any event, in his appeal brief in response to the <u>Johnson</u> petition, Petitioner again did not attempt to raise the issue as an ineffective assistance of counsel issue. Rather, as before, he attempted to raise this issue on its merits, which the PCR court had found was procedurally barred because it was a direct appeal issue. <u>See</u> Court Docket No. 22-15, p. 7. Therefore, The state appellate court's denial of Petitioner's writ of certiorari pursuant to <u>Johnson v. State</u>, <u>supra</u>, also does not reflect that the appellate court considered an ineffective assistance of appellate counsel claim on the merits.



may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

However, even though otherwise exhausted, because this issue was not *properly* pursued and exhausted by the Petitioner in the state court, federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or actual innocence. Martinez v. Ryan, 565 U.S. ___, ___, 132 S.Ct. 1309, 1316 (2012); Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

Petitioner argues that, to the extent this issue is procedurally defaulted, he has established cause for the default because any default is due to ineffective assistance of his appellate counsel. Although not specifically set forth by the Petitioner, it is conceivable that Petitioner could also be arguing that the cause is due to his PCR counsel's failure to raise this issue as an ineffective



assistance of appellate counsel argument in his PCR proceeding.[9]  The United States Supreme Court has held that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State . . . Ineffective assistance of counsel, then, is cause for procedural default."  <u>Murray</u>, 477 U.S. at 488; <u>see also</u> <u>Coleman v. Thompson</u>, <u>supra</u>; <u>McCleskey v. Zant</u>, 499 U.S. 467, 494 (1991); <u>Noble v. Barnett</u>, 24 F.3d 582, 586, n.4 (4th Cir. 1994)("[C]onstitutionally ineffective assistance of counsel is cause <u>per se</u> in the procedural default context"); <u>Smith v. Dixon</u>, 14 F.3d 956, 973 (4th Cir. 1994)(en banc).

However, while ineffective assistance of counsel can constitute "cause" for a procedural default, it will only constitute "cause" if it amounts to an independent violation; <u>Ortiz v. Stewart</u>, 149 F.3d 923, 932 (9th Cir. 1998); <u>Bonin v. Calderon</u>, 77 F.3d 1155, 1159 (9th Cir. 1996); and this Court has previously held that ineffective assistance of *PCR counsel* (as opposed to trial or direct appeal counsel) does not amount to an independent constitutional violation, and is not therefore "cause" for a procedural default.  <u>Murray v. Giarratano</u>, 492 U.S. 1-7, 13 (1989) [O'Connor, J., <u>concurring</u>] [ "[T]here is nothing in the Constitution or the precedents of [the Supreme] Court that requires a State provide counsel in postconviction proceedings.  A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment.   Nothing in the Constitution requires the State to provide such proceedings,...nor does...the Constitution require [ ] the States to follow any particular federal model in those proceedings."]; <u>Mackall v. Angelone</u>, 131 F.3d 442, 447-449 (4th Cir. 1997); <u>Ortiz</u>, 149 F.3d

---

[9]Since there is some dispute as to whether ineffective assistance of appellate counsel under the facts presented here could constitute "cause" for his procedural default, the undersigned has also considered the matter based on an assumed argument that Petitioner is contending his PCR counsel was ineffective for failing to raise ineffective assistance of appellate counsel.  <u>See</u> discussion, <u>infra</u>.

17



at 932; Pollard v. Delo, 28 F.3d 887, 888 (8th Cir. 1994); Lamp v. State of Iowa, 122 F.3d 1100,

1104-1105 (8th Cir. 1997); Parkhurst v. Shillinger, 128 F.3d 1366, 1371 (10th Cir. 1997); Williams

v. Chrans, 945 F.2d 926, 932  (7th Cir. 1992); Gilliam v. Simms, No. 97-14, 1998 WL 17041 at *6

(4th Cir. Jan. 13, 1998).  In Martinez, the Supreme Court provided

> that a "narrow exception" should "modify the unqualified statement in Coleman that
> an attorney's ignorance or inadvertence in a postconviction proceeding does not
> qualify as cause to excuse a procedural default." Martinez, 566 U.S. at __, 132 S.Ct.
> at 1315. [F]or three reasons. First, the "right to the effective assistance of counsel at
> trial is a bedrock principle in our justice system . . . . Indeed, the right to counsel is the
> foundation for our adversary system." Id. at ___, 132 S.Ct. at 1317.
>
> Second, ineffective assistance of counsel on *direct appellate review* could amount to
> "cause", excusing a defendant's failure to raise (and thus procedurally defaulting) a
> constitutional claim. Id. at ___, 132 S.Ct. at 1316, 1317.  But States often have good
> reasons for initially reviewing claims of ineffective assistance of trial counsel during
> state collateral proceedings rather than on direct appellate review. Id. at ___, 132
> S.Ct. at 1317-1318.  That is because review of such a claim normally requires a
> different attorney, because it often "depend[s] on evidence outside the trial record,"
> and because efforts to expand the record on direct appeal may run afoul of
> "[a]bbreviated deadlines," depriving the new attorney of "adequate time . . . to
> investigate the ineffective-assistance claim." Id. at ___, 132 S.Ct. at 1318.
>
> Third, where the State consequently channels initial review of this constitutional claim
> to collateral proceedings, a lawyer's failure to raise an ineffective assistance of
> counsel claim during initial-review collateral proceedings, could (were Coleman read
> broadly) deprive a defendant of any review of that claim at all.  Martinez, supra at
> ___, 132 S.Ct. at 1316.
>
> We consequently read Coleman as containing an exception, allowing a federal habeas
> court to find "cause," thereby excusing a defendant's procedural default, where (1) the
> claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the
> "cause" consisted of there being "no counsel" or only "ineffective" counsel during the
> state collateral review proceeding; (3) the state collateral review proceeding was the
> "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel
> claim"; and (4) state law *requires* that an "ineffective assistance of trial counsel
> [claim] . . . be raised in an initial-review collateral proceeding." Martinez, supra at
> ___, 132 S.Ct. at 1318-1319, 1320-1321.

Trevino v. Thaler, 133 S.Ct. 1911, 1917-1918 (2013); Gray v. Pearson, No. 12-5, ___ Fed. Appx.



___, 2013 WL 2451083 at * 2 (4th Cir. June 7, 2013)["The Supreme Court had previously held in Coleman that because a habeas petitioner has no constitutional right to counsel in state post-conviction proceedings, the ineffectiveness of post-conviction counsel *cannot* establish "cause" to excuse a procedural default." Coleman, 501 U.S. at 757.  The Court established an exception to that rule in Martinez."].

Since, under South Carolina law, a claim of ineffective assistance of trial counsel is raised in an APCR; cf. State v. Felder, 351 S.E.2d 852 (S.C. 1986); Bryant v. Reynolds, No. 12-1731, 2013 WL 4511242, at * 19 (D.S.C. Aug. 23, 2013); Gray, 2013 WL 2451083, at * 4, fn *; Petitioner's claim of ineffective assistance of PCR counsel as "cause"for his default has been considered hereinbelow under the revised standard of Martinez and Trevino.  However, the limited exception in Martinez does not appear to be applicable to claims regarding appellate counsel.  Banks v. Workman, 692 F.3d 1133, 1148 (10th Cir. 2012)[observing that "*Martinez* applies only to a 'prisoner's procedural default of a claim of ineffective assistance of trial,' not to claims of deficient performance by appellate counsel."]; but see Ha Van Nguyen v. Curry, 736 F.3d 1287, 1289 (9th Cir. 2013)[discussing Martinez's applicability to appellate counsel]; see also Wilson v. McCall, No. 13-1003, 2014 WL 131382 at *5 (D.S.C. Jan. 13, 2014).  Accordingly, it is questionable whether PCR counsel's failure to assert a claim of ineffective assistance of appellate counsel in Petitioner's direct appeal can be cause for a procedural default; see Hodges v. Colson, 727 F.3d 517, 531 (6th Cir. 2013)["Under *Martinez's* unambiguous holding our previous understanding of *Coleman* in this regard is still the law - ineffective assistance of post conviction counsel cannot supply cause for procedural default of a claim of ineffective assistance of appellate counsel."]; Banks, 692 F.3d at 1148;but see Ha Van Nguyen, 736 F.3d at 1289; and if Petitioner has failed to show cause for his procedural

19



default on this issue, this claim is procedurally barred from consideration by this Court.  Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].

Finally, Petitioner has also failed to make any showing that a fundamental miscarriage of justice will occur if this claim is not considered.  Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995).  To the extent that Petitioner even somewhat argues that he is  actually innocent, cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); see also Doe v. Menefee, 391 F.3d 147 (2d Cir. 2004).  Petitioner has failed to present any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence on the criminal charge on which he was found guilty.  See Schlup v. Delo, 513 U.S. 298, 324 (1995)[to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or  critical physical evidence-that was not presented at trial."]; Doe, 391 F.3d at 161 (quoting Schlup for the evidentiary standard required for a court to consider an actual innocence claim).

Therefore, this claim is procedurally barred from consideration by this Court, and must be dismissed. Id.; see 28 U.S.C. § 2254; see also discussion, infra.

**Merits review**.  Even assuming arguendo that Petitioner could argue ineffective



assistance of appellate counsel as cause for his procedural default in his direct appeal and/or that the matter was considered on the merits in his PCR proceedings by the PCR judge and in the subsequent appellate proceedings, this claim would fail in any event. The Respondent correctly points out that the Confrontation Clause only applies to witnesses who "bear testimony", and that the confidential informant neither provided testimonial evidence nor was a witness against the Petitioner. Respondent further notes that because the confidential informant was neither a participant in nor a material witness to the criminal transaction, the prosecution was not required to disclose his identity. See Crawford v. Washington, 541 U.S. 36, 51-52 (2004). See Roviaro v. United States, 353 U.S. 53, 62 (1957)[explaining that disclosures should only be made when the informer's identity would be relevant to the accused's defense and holding that the particular facts of each case would determine disclosure or non-disclosure, with special consideration given to ". . . the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors"]; State v. Bernotas, 283 S.E.2d 580, 581 (S.C. 1981)[It was not error to refuse to require the State to disclose identity of confidential informant where it was not shown that informer was participant in the crime]; United States v. Thomas, 486 Fed.Appx. 250, 252-253 (3d Cir.2012); United States v. Potwin, 136 Fed.Appx. 609, 611 (5th Cir. 2005)[because the government did not use any statements of the confidential informant against petitioner, there was no right to confront under Crawford, and because the confidential informant was only a tipster, the government was not required to disclose his identity]; United States v. Gomez-Genao, 267 F.3d 1 (1st Cir. 2001). The undersigned agrees.

Here, Petitioner complains not about testimony introduced at trial, but about statements in the search warrant and the government's failure to disclose the identity of the confidential informant. See Response in Opposition to Summary Judgment, p. 11.



> The Sixth Amendment provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him[.]" U.S. Const. amend. VI. Here, the Confrontation Clause is not implicated because the informants did not testify at trial. By its terms the Confrontation Clause applies only to the witnesses, and "a defendant has no right to confront an informant who provides no evidence at trial." United States v. Francesco, 725 F.2d 817, 822 (1st Cir.1984); accord Cooper v. California, 386 U.S. 58, 62 n. 2 (1967) ("Petitioner also presents the contention here that he was unconstitutionally deprived of the right to confront the witnesses against him, because the State did not produce the informant to testify against him. This contention we consider absolutely devoid of merit."); United States v. Porter, 764 F.2d 1, 9 (1st Cir.1985); United States v. Morgan, 757 F.2d 1074, 1076 (10th Cir.1985); McAllister v. Brown, 555 F.2d 1277, 1278 (5th Cir.1977) (per curiam). While it is true that the introduction of testimonial hearsay by a witness not testifying at trial may amount to a denial of the right to confront the witnesses against a defendant, see Crawford v. Washington, 541 U.S. 36, 68–69 (2004), defendant has identified no hearsay statements made by the confidential informants that were introduced at trial. And the use of the confidential informant statements in the search warrant affidavits or before the Grand Jury does not implicate the Confrontation Clause because, as explained above, the Clause protects a right to confront witnesses at trial. See United States v. Dyer, 580 F.3d 386, 390 (6th Cir.2009) ("It is well established that a magistrate may rely on hearsay contained in the affidavit when determining whether to issue a search warrant."). See generally, Barber v. Page, 390 U.S. 719, 725 (1968) ("The right to confrontation is basically a trial right.").

United States v. Scantland, Nos. 04-80773 & 08-13097, 2010 WL 6571943 at * 12 (E.D.Mich. Dec. 7, 2010), adopted by, 2011 WL 1642034 (E.D.Mich. May 2, 2011).

Petitioner argues that the confidential informant was a "Material Witness whose information was relied on for a finding of Probable Cause. . . . Petitioner could not confront the C.I. whose information was relied up by the Affiant and included in the Warrant Affidavit . . . ." See Response in Opposition to Summary Judgment, pp. 11-12. However, Petitioner cannot establish a right to confront the informant in this case under the Confrontation Clause based on this argument. See Dyer, 580 F.3d at 390; Scantland, 2010 WL 6571943, at * 12. Therefore, even if this issue was not procedurally barred, it is without merit and should be dismissed.



## **Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

March 19, 2014
Charleston, South Carolina

23



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

