

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| TIMOTHY DINKINS, § | |
| Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION NO. 9:13-1537-MGL-BM |
| § | |
| WARDEN EAGLETON, § | |
| Respondent. § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
AND DISMISSING PETITIONER'S HABEAS PETITION WITH PREJUDICE

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the Court grant Respondent's motion for summary judgment and dismiss Petitioner's habeas petition with prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 19, 2014, and the Clerk of Court entered Petitioner's objections on April 7, 2014. The Court has carefully considered the objections and finds them to be without merit. Therefore, it will enter judgment accordingly.

Petitioner sets forth two claims in his § 2254 petition to this Court. In his first ground, Petitioner states the following: "The state court decision denying [him] relief on [his] ineffective assistance of counsel claim for no *Franks vs. Delaware* hearing was objectively unreasonable and contrary to clearly established Fed. Law as determined by the U.S. Supreme Court." Petition 5. A defendant challenging the validity of a search warrant is entitled to a *Franks* hearing if he makes a preliminary showing that: "(1) the warrant affidavit contain[s] a 'deliberate falsehood' or statement made with 'reckless disregard for the truth' and (2) without the allegedly false statement, the warrant affidavit is not sufficient to support a finding of probable cause." *United States v. Fisher*, 711 F.3d 460, 468 (4th Cir. 2013). A defendant bears a heavy burden to demonstrate the need for a *Franks* hearing. *United States v. Jeffus*, 22 F.3d 554, 558 (4th Cir. 1994).

The Magistrate Judge found that Petitioner failed to establish the falsity of the testimony of the law enforcement agent who obtained the search warrant that led to the seizure of drugs from his residence. "Accordingly," the Magistrate Judge stated, "Petitioner has failed to show that his counsel performed deficiently by not challenging the warrant under *Franks v. Delaware*, nor has he provided any evidence that the PCR court's determination was an unreasonable misapplication of clearly established law." Report 13. The Magistrate Judge also opined that "Petitioner has presented no evidence . . . to show that he would have succeeded even if his counsel has requested, and he would have had, a *Franks v. Delaware* hearing. . . . Therefore, Petitioner has not shown the necessary prejudice with regard to this claim." Report 13-14. The Court agrees.

2

In his objections on this issue, Petitioner continues to argue that the information that the agent who secured the search warrant provided to the magistrate in his state court proceeding "was false and misleading and with reckless disregard for the truth." Objections 5. The Magistrate Judge was unpersuaded. This Court is unpersuaded, as well. Thus, for the reasons set forth in the Report, the Court will overrule these objections.

In his second ground for § 2254 relief, Petitioner states that "[t]he state court decision not allowing [him] to confront the informant in court was objectively unreasonable, and contrary to clearly established Federal law as determined by the U.S. Supreme Court." Petition 6. According to the Magistrate Judge, however, this claim is procedurally barred from consideration by this Court and, thus, must be dismissed. But, even if the claim is not procedurally barred, the Magistrate Judge found this claim to be without merit.

Petitioner does not object to the Magistrate Judge's recommendation that this claims is procedurally barred. Instead, he argues only the merits of his claim. Because the Magistrate Judge has already correctly addressed the merits issue in the Report, the Court will not discuss them again here.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court that Respondent's motion for summary judgment is **GRANTED** and Petitioner's habeas petition is **DISMISSED WITH PREJUDICE**.

An order denying relief in a § 2254 proceeding such as this is not appealable unless a circuit or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability will issue only upon "a substantial showing of the denial of a constitutional right." 28

3

U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court has reviewed the petition, the record and the applicable case law and concludes that Petitioner has failed to make the requisite showing. Therefore, to the extent that Petitioner requests a certificate of appealability from this Court, that request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 19th day of August, 2014, in Spartanburg, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.